FILED
2011 Nov-22 PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, a Foreign Corporation authorized to do business in the State of Alabama,** | )<br>)<br>)<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Case No.: 2:11-CV-3794-VEH<br>) |
| **DARIO VALI, an individual and MICHAEL TODD HORNSBY, an individual and JONATHAN EDWARD HORNSBY, an individual,** | )<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

**I. INTRODUCTION**

Before the Court is the Motion To Require Joinder of Necessary Parties Pursuant to Rule 19 (Doc. 9) (the "Motion to Require Joinder") filed by Defendant Dario Vali ("Vali"). The Court entered an Order to Show Cause (Doc. 14) why the Motion to Require Joinder should not be granted based on Defendant Vali's contention that his children, Sahar Georgina Vali and Maziar Norma Vali, should be joined as necessary parties in interest. The Court received responses from Defendants

Michael Todd Hornsby and Jonathan Edward Hornsby (Doc. 17) (the "Hornsby Defendants") and from Plaintiff (Doc. 18).[1] The Motion to Require Joinder is now under submission.

## II.  BACKGROUND

As the Court set out in its Order to Show Cause, this case is a declaratory judgment action in which Plaintiff, an insurance company, seeks to distribute the proceeds of an insurance policy insuring the life of Sandra L. Hornsby ("Ms. Hornsby"), who died on August 7, 2011. (Doc. 1). Specifically, Plaintiff asks the Court to determine the respective interests of the beneficiaries to the policy. (*Id.* ¶¶ 17-19). The original beneficiary of the policy was Ms. Hornsby's husband, Michael Hornsby, who predeceased her. (*Id.* ¶ 8). The original contingent beneficiaries of the policy were the Hornsby's natural children, Michael Todd and Jonathan Edward Hornsby, who are Defendants to this action. (*Id.*). Upon their father's death, the Hornsby Defendants became the primary beneficiaries of their mother's life insurance policy. (Doc. 17 ¶ 7).

"On June 6, 2011, the beneficiary for the policy was changed to Dario Vali. Michael Todd Hornsby, Jonathan Edward Hornsby, Sahar Georgina Vali, and Maziar

---

[1] Plaintiff's Response adopted and incorporated the arguments stated in the Hornsby Defendants's Response. (Doc. 18 ¶ 6).

Norman Vali were named contingent beneficiaries." (Doc. 1 ¶ 9). This policy change is contested by the Hornsby Defendants, who claim undue influence against Defendant Vali, among other things. (*Id.* ¶ 13, 15; Doc. 18 ¶ 3).

The nature of the controversy in this case thus involves the Hornsby Defendants's claim that the change-of-beneficiary policy amendment executed by their mother prior to her death was not valid. (*See* Doc. 17 at 3 ("The Hornsby Defendants intend to establish that the purported change of beneficiary, made mere months before Mrs. Hornsby's death and while she was in ill health, was the result of fraud and undue influence by Defendant Vali.")). The Hornsby Defendants concede that "[i]f the June 2011 change of beneficiary is upheld by this Court, only Defendant Vali has a claim to the insurance proceeds. On the other hand, if the Hornsby Defendants are successful in this case, they will be entitled to the proceeds of the life insurance policy on their mother." (Doc. 17 at 5-6) (emphasis added).

## III. MOTION FOR JOINDER

Defendant Vali seeks to join his children as necessary parties to this action. The substance of Defendant's Motion to Require Joinder, in its entirety, states as follows:

> The Defendant, Dario Vali, moves the Court to join as necessary parties, Sahar Georgina Vali and Maziar Norma Vali and would state as follows:
>
> 1. That Paragraph 8 of the Complaint alleges that Sahar Georgina Vali and Maziar Norma Vali are contingent beneficiaries on the policy and have an interest in these proceedings.

> **WHEREFORE PREMISE CONSIDERS [sic],** the Defendant moves the Court to require the Plaintiff to join as necessary parties in interest, namely, Sahar Georgina Vali and Maziar Norma Vali as so designated in the Complaint.

(Doc. 9). Paragraph 8 of the Complaint makes no reference to Sahar Georgina Vali or Maziar Norma Vali. However, Paragraph 9 alleges that Michael Todd Hornsby, Jonathan Edward Hornsby, Sahar Georgina Vali, and Maziar Norman Vali "were named contingent beneficiaries" on the policy that was changed in June 2011 to name Defendant Vali as the primary beneficiary. (Doc. 1 ¶ 9).[2] Notably, the Complaint does <u>not</u> state in Paragraph 8, 9, or elsewhere, that Sahar Georgina Vali and Maziar Norma Vali "have an interest in these proceedings," as Defendant Vali falsely asserts in his Motion to Require Joinder.

With only one paragraph of information, and without any citation to legal authority, argument, or analysis, Defendant Vali's motion is insufficient on its face for lack of support. *See Flanigan's Enters., Inc. v. Fulton Cnty., Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

---

[2] The Court thus considers Defendant Vali's reference to Paragraph 8 a typographical error.

Moreover, Defendant Vali's Motion to Require Joinder does not meet the legal standard for joinder required by Rule 19.

## IV. LEGAL STANDARD

Rule 19 of the Federal Rules of Civil Procedure mandates joinder of parties under certain circumstances, and states, in relevant part:

> **(a) Persons Required to Be Joined if Feasible.**
>
> **(1) *Required Party*.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction <u>must be joined as a party if</u>:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (I) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> (**2**) ***Joinder by Court Order.*** <u>If a person has not been joined as required, the court must order that the person be made a party</u>. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Fed. R. Civ. P. 19(a) (emphasis added). Rule 19(b) provides that when a person described by Rule 19(a) cannot be joined, "the court must determine whether, in

equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). As the moving party, Defendant Vali bears the burden of proving why Sahar Georgina Vali and Maziar NormanVali are necessary parties to this lawsuit for the purposes of mandatory joinder under Rule 19. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1347 (11th Cir. 2011) (placing burden on party invoking Rule 19 to demonstrate necessary factors).

The Eleventh Circuit has described the "two-part test" of Rule 19 as follows: "First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279-80 (11th Cir. 2003). "In making the first determination-i.e., whether the party in question should be joined, pragmatic concerns, especially the effect on the parties and the litigation, control." *Id.* at 1280 (internal citations and quotations omitted).

## V. ANALYSIS

Following the two-part test imposed by Rule 19, the Court must first determine whether Sahar Georgina Vali and Maziar Norma Vali are necessary parties, i.e.,

parties that must be joined if feasible. *Focus on the Family,* 344 F.3d at 1279-80. "A party is considered 'necessary' to the action [for purposes of Fed. R. Civ. P. 19] if the court determines either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings." *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999); Fed. R. Civ. P. 19(a).

The terms of the June 2011 policy amendment, which named Dario Vali as the primary beneficiary, state as follows:

> Unless otherwise stated, proceeds shall be paid in equal shares <u>to any Primary Beneficiaries who survive the insured</u>, <u>but if none survive, proceeds shall be paid in equal shares to any Contingent Beneficiaries who survive</u>, or if none survive, to the Estate of the Policyowner. It is hereby agreed that the provisions, if any, of the said policy requiring endorsement of change of beneficiary on the policy, are annulled.

(Doc. 17, Ex. A) (emphasis added). The record presently before the Court reflects that Defendant Vali was alive as of August 7, 2011, i.e., he survived the insured (Ms. Hornsby), and he has not since disclaimed his interest in the policy's proceeds. (*See* Doc. 1-3 (copy of fax from Defendant Vali's legal counsel to Plaintiff demanding immediate payment of the balance of Ms. Hornsby's policy "to Mr. Vali")). Thus, under the terms of the amended policy, any expectancy interest of the named contingent beneficiaries (including Sahar Georgina Vali and Maziar Norman Vali)

necessarily expired upon the death of Ms. Hornsby. (Doc. 17 ¶ 4).[3]

The Hornsby Defendants and Plaintiff agree that resolution of the dispute over the rightful beneficiary of Ms. Hornsby's life insurance policy necessarily rests on one of two possibilities: the policy vested in either her sons, the Hornsby Defendants, or in Defendant Vali. (Doc. 17 at 5-6). Put differently, "[u]nder no circumstance will the proceeds of the insurance policy vest in Sahar and Maziar Vali." (Doc. 18 ¶ 7). Accordingly, they argue, the only *necessary* parties to this lawsuit, for the purposes of compliance with Rule 19, have already been named as Defendants.

The Court agrees with Plaintiff and the Hornsby Defendants. In light of the facts and circumstances developed in this Opinion, it appears that "complete relief can[] be granted" in this case without joinder of Sahar Georgina Vali and Maziar Norman Vali, as those individuals have no surviving interest in Ms. Hornsby's life insurance policy. *See Laker Airways*, 182 F.3d at 847 ("A party is considered 'necessary' to the action if the court determines either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings."); Fed. R. Civ. P. 19(a)(1)(A). Moreover, Sahar Georgina Vali and Maziar Norman Vali are not so situated that resolving the case in their absence would

---

[3] By contrast, the Hornsby Defendants explain that their interest in this case is based on their position as primary beneficiaries to their mother's original life insurance policy as it existed before the challenged amendment in June 2011, not based on their position as contingent beneficiaries to the challenged amended policy. (Doc. 17 at 5).

impede their ability to protect their interest in the proceeds of Ms. Hornsby's policy, as their interest has expired. Fed. R. Civ. P. 19(a)(1)(B)(I). Nor can the Court say that their absence would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii).

## VI.  CONCLUSION

For the reasons stated above, the Court finds that Defendant Vali has not met his burden of demonstrating that Sahar Georgina Vali and Maziar Norma Vali are necessary parties requiring joinder under Rule 19. Accordingly, the Motion to Require Joinder is hereby **DENIED**.

**DONE** and **ORDERED** this the 22nd of November, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge